DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0076 |
| ) | |
| PEDRO RAMOS-GUERRA and ) | |
| CARLOS ALBERTO CUEVAS-ALMONTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the United States' ("the Government") Motion to Continue Omnibus Hearing and Trial and for Decision on the *Touhy* Motion, filed January 19, 2021. (ECF Nos. 112.) Defendant Carolos Alberto Cuevas-Almonte ("Cuevas-Almonte") joined in the motion on January 22, 2021. (ECF No. 115.) For the reasons stated herein, the Court will grant the motion and extend the time to try this case up to and including May 17, 2021.

On November 21, 2019, the Government filed a three-count indictment against Pedro Ramos-Guerra ("Ramos-Guerra") and Cuevas-Almonte, charging 1) conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States; 2) possession of a controlled substance with intent to distribute and aiding and abetting; and 3) destroying property subject to forfeiture under section 511(A). On October 8, 2020, a federal grand jury returned a superseding indictment charging 1) conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States and aiding and abetting; 2) destroying property subject to forfeiture under section 511(A); and 3) failure to heave to.  At the arraignment, the magistrate judge scheduled the trial for March 21, 2021.

On March 24, 2020, Cuevas-Almonte filed a Motion to Declare the Department of Homeland Security's *Touhy* Regulations Inapplicable or, in the Alternative, to Declare 5 U.S.C. § 301 Unconstitutional and Invalidate 6 C.F.R. § 5.41 et seq. (ECF No. 57.)  In its motion to continue, the Government requests that the Court "issue a decision on the *Touhy* motion in advance of the omnibus hearing." (ECF No. 112.) The Government contends that "[n]o time

*United States v. Ramos-Guerra. et al.*
Case No. 3:19-cr-0076
Order
Page 2 of 3

is currently accruing on the Speedy Trial Act clock" and that counsel for the defendants have not opposed a continuance.[1] *Id.* at 2. As such, the Government requests that the Court continue the hearing and trial until after a decision on the *Touhy* motion is issued. In addition, the Government referenced the Court's Seventeenth Order Regarding Operations, which declared that "[a]ll in-person court proceedings shall be limited to those that are required by law and are not [amenable] to continuance." *Id.* Lastly, the Government asserts that the Coast Guard witnesses for the hearing and trial are not located on-island and will have to travel for the proceedings.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, the parties need a decision from the Court regarding the *Touhy* motion prior to the evidentiary hearing for purposes of planning and preparing witnesses. Second, the Court's decision on the *Touhy* motion will impact which witnesses will testify in the proceedings. Third, some witnesses live off-island and will need advance notice to plan travel to St. Thomas for the proceedings after a decision has been issued by this Court. Fourth, the Court has issued an order stating that in-court proceedings are currently limited to those not amenable to continuance. And lastly, the Defendants do not object to said continuance, with Cuevas-Almonte joining in the motion.

Consistent with these concerns, the United States Supreme Court held that "Congress intended subsection (F) [of the Speedy Trial Act] to exclude from the [Act's] 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion . . . ." *Henderson v. United States*, 476 U.S. 321, 331 (1986).

The premises considered, it is hereby

**ORDERED** that the United States' motion to continue, ECF No. 112, is **GRANTED**; it is further

---

[1] The Government represents that Cuevas-Almonte "does not oppose a continuance" and counsel for Ramos-Guerra indicated on January 11, 2021, "that she needed to talk to her client, but has not conveyed any opposition or lack of opposition to counsel for the Government since that date." (ECF No. 112 at 2.) Counsel for Ramos-Guerra did convey that she would oppose continuing the hearing without also continuing the trial. *Id.*

---

x

*United States v. Ramos-Guerra. et al.*
Case No. 3:19-cr-0076
Order
Page 3 of 3

  **ORDERED** that the evidentiary hearing in this matter previously scheduled for February 4, 2021, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on April 29, 2021; it is further

  **ORDERED** that the time beginning from the date of this order granting an extension through May 17, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

  **ORDERED** that the trial in this matter previously scheduled for March 1, 2021, is **RESCHEDULED** to commence promptly at 9:00 a.m. on May 17, 2021, in St. Thomas Courtroom 1; it is further

  **ORDERED** that the parties shall file and serve a pre-trial brief no later than May 10, 2021, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and it is further

  **ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than May 12, 2021.[2]

**Dated:** January 25, 2021        /s/ *Robert A. Molloy*
                  **ROBERT A. MOLLOY**
                  **District Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Any trial exhibits the Defense intends to offer shall be labelled sequentially beginning with Defense Exhibit A.